UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60771-CIV-COHN/SNOW

MRI SCAN CENTER, INC.,
on itself and all others similarly situated,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

## FINAL ORDER OF DISMISSAL

THIS CAUSE is before the Court upon Defendant Allstate's Motion to Dismiss [DE 11]. The Court has carefully considered the motion, response, and reply thereto, as well as the argument of counsel presented on August 6, 2007, and is otherwise fully advised in the premises.

### I. BACKGROUND

MRI Scan Center, Inc. ("Plaintiff"), a provider of MRI services, filed this diversity class action against Allstate Insurance Company ("Allstate") for breach of contract and for a declaratory action that Allstate illegally adjusted claims in violation of Fla. Stat. § 627.6044(1). Plaintiff alleges that since 2002, Allstate has systematically underpaid claims made pursuant to Auto Med Pay policies that cover all medical costs arising from automobile accidents. Plaintiff alleges that following the 2001 Amendments to the Florida No-Fault Act, Allstate paid MRI claims under Auto Med Pay at the new statutorily capped Personal Injury Protection ("PIP") insurance rates, rather than the "reasonable" rates required by the Auto Med Pay policy language.[1] In addition, Plaintiff

---

[1] PIP insurance pays 80% of the costs of reasonable and necessary medical care under Florida's version of No-Fault automobile insurance.

alleges that Allstate violates Fla. Stat. § 627.6044(1), by not providing the methodology behind its "reasonable" rate for MRI services under the Auto Med Pay policy.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Allstate has moved to dismiss the Complaint for failure to state a claim.  Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  127 S. Ct. at 1965.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In this case, not only does the Court take the alleged facts as true, there are no facts in dispute.   Allstate does not deny that it adjusts claims in the manner alleged by

Plaintiff. Rather, Allstate argues that its actions do not breach the insurance contract.[2]

## B. Auto Med Pay Policy and PIP Payment Schedule

Allstate argues that the contract language at issue in the Auto Med Pay policy, "reasonable expenses incurred for medically necessary treatment," must be read to conform to the rate set for MRI's by the Florida Legislature. Fla. Stat. § 627.736(5)(b)(5). In an attempt to limit fraud and abuse in PIP claims, the Legislature capped the "allowable amounts that may be charged" to a PIP insurer for MRI services to 200% of the Medicare Part B allowable amount. Allstate asserts that there can only be one invoice for one price for one procedure, and in the case of MRI's for auto accident victims, the only price that "may be charged" is capped by statute. Allstate rejects the theory that there could be a "PIP portion" of a single bill for a particular service. Allstate still honors the Auto Med Pay policy by applying that policy to the 20% of the MRI costs that is not covered by PIP.

In response, Plaintiff argues that its claim is simply that Allstate must adjust the Auto Med Pay claim without regard to the PIP statute, and therefore cover the full remaining balance of the bill for MRI services after PIP pays its capped rate. Plaintiff correctly points out that the PIP statute does not reference the Auto Med Pay policies, though those statutes did so regulate such policies prior to the 2001 Amendments. Furthermore, Plaintiff notes that Allstate could have referenced the PIP statutory caps in its Auto Med Pay insurance policy after the legislative changes, but failed to do so.

---

[2] The parties do not appear to raise the issue of standing, as the insurance contract at issue is between Allstate and its insureds, the persons who received services from Plaintiff. Presumably, as would be standard in the health-care industry, Plaintiff has received assignments from its patients to pursue insurance reimbursement.

Finally, Plaintiff asserts that to the extent the policy is ambiguous about what the "reasonable expense" is, the policy should be construed against the insurer, citing familiar Florida law. Continental Cas. Co. v. Wendt, 205 F.3d 1258, 1261 -1262 (11th Cir. 2000). As to its claims in Count II for declaratory action, Plaintiff alleges that Allstate has failed to set forth its payment methodology in adjusting Auto Med Pay claims in violation of Fla. Stat. § 627.6044.

In reply, Allstate makes several arguments. First, as to Count II, Allstate asserts that the statutory cap on allowable MRI charges for PIP claims is the methodology used to adjust the Auto Med Pay remainder portion of the same MRI claim, on the theory that legal requirements are automatically considered included in the policy and in interpreting the policy. Florida Farm Bureau Cas. Ins. Co. v. Cox, 943 So.2d 823, 832 (Fla. Dist. Ct. App. 2006), citing Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 896 (Fla. 2003). Thus, there is no violation of Fla. Stat. § 627.6044 because the Legislature has mandated that the "allowable amount" and "reasonable expense" for an MRI necessary for an insured stemming from an auto accident injury is 200% of the Medicare rate.

Allstate also argues that the legislative intent and purpose of the PIP provision at issue, Fla. Stat. § 627.736(5)(b)(5), is to reduce fraud and inflated claims for MRI's. SB 1092, Laws of Florida 2001-271, Section 1. If the Auto Med Pay policy was required to adjust the PIP-billed MRI to its full billed amount, rather than the PIP schedule amount, any cost savings to the insured is eviscerated by such an interpretation. Finally, Allstate relies on case law stating that one is construe no fault insurance in favor of insureds, which in this case is not Plaintiff, but Plaintiff's patients. Farmer v. Protective

Cas. Ins. Co., 530 So.2d 356, 359 (Fla. Dist. Ct. App. 1988).  Allstate's reasoning is that since Auto Med Pay's policy limit is $2000, if Auto Med Pay is forced to pay the full price for MRI's that are otherwise capped by PIP, a much lower amount is available for any other of the insured's medical costs.

The Court agrees with Allstate's arguments regarding statutory interpretation and application to insurance policies.  The term "reasonable expenses" in the Auto Med Pay policy cannot be read in isolation from the PIP statutes when adjusting claims that first arise as PIP claims.  The fact that the statute does not specifically state that Auto Med Pay charges are governed by the cap is not dispositive, as the statute does cap the MRI charges that begin under PIP and then becomes payable under Auto Med Pay.  The Legislature has set a cap on allowable MRI charges in PIP claims, and providers are, unfortunately for them, stuck with that rate for that service for automobile accident victims, even when an insured has also purchased Auto Med Pay.

Although the Court could not find any published cases interpreting the interaction between Auto Med Pay and PIP, the Florida Supreme Court did hold in another context that statutes regarding remedies that distinguish between automobile accident victims and other accident victims did not violate the equal protection clause of the Florida Constitution, as "the classification bears a reasonable relation to the legislative goal of reducing suits among automobile insurance carriers. . . ." Purdy v. Gulf Breeze Enterprises, Inc., 403 So.2d 1325, 1329 (Fla. 1981).

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Allstate's Motion to Dismiss [DE 11] is hereby **GRANTED**, as the Complaint fails to state a claim upon

5

which relief can be granted.  The Clerk may close this case and deny all pending motions as moot.

      **DONE and ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 7th day of August, 2007.

                                      JAMES I. COHN
                                      United States District Judge

Copies furnished to:

Counsel of Record on CM/ECF